NEVADA ENTERTAINMENT INDUS-
TRIES, INC., a Nevada Corporation;
Daniel Bishop, Plaintiffs–Appellants–
Cross–Appellees,

v.

CITY OF HENDERSON, a Nevada Munic-
ipal Corporation; James Goff, Chief of
Police and the City of Henderson, De-
fendants–Appellees–Cross–Appellants.

Nos. 92–17054, 93–15052.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1993.

Decided Nov. 2, 1993.

Roger Jon Diamond, Santa Monica, CA, for plaintiffs-appellants-cross-appellees.

James J. Clancy, Sun Valley, CA, for defendants-appellees-cross-appellants.

Before: BROWNING and CANBY, Circuit Judges, KELLEHER,* Senior District Judge.

PER CURIAM:

Nevada Entertainment applied for a license to operate an adult video store in the City of Henderson, Nevada. Shortly before Nevada Entertainment filed its application, the City adopted a zoning code limiting adult businesses to Commercial Highway ("CH") zones. The City had no CH zones when the new code was adopted. The City told Nevada Entertainment it could operate an adult business only in a CH zone, and since no such zone existed, Nevada Entertainment would have to apply for a zone change or variance as well as a conditional use permit. Instead, Nevada Entertainment filed a new license application for a general rather than an adult video store. The City issued a license to operate a general video store. Nevada Entertainment opened an adult video store.

The City commenced a proceeding before the City Council to revoke Nevada Entertainment's license because Nevada Entertainment misrepresented the nature of the business it intended to open. The City Council issued an order revoking the license. Rather than appealing this order to the state district court, Nevada Entertainment filed this action in federal court challenging the constitutionality of the zoning ordinances and seeking injunctive relief.

The City argued the district court was required to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court rejected the abstention claim but granted judgment for the City on the ground Nevada Entertainment

was barred from challenging the constitutionality of the zoning ordinances because it had obtained its license by fraud. Nevada Entertainment appealed. The City cross-appealed the court's refusal to abstain. We conclude the district court was required to abstain under *Younger*.

ABSTENTION

We consider *de novo* whether *Younger* abstention was required. *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir.1987). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Where *Younger* abstention is applicable, " 'a district court must dismiss the federal action.' " *World Famous Drinking Emporium*, 820 F.2d at 1081 (quoting *Fresh International Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir.1986)).

1. *Pending State Court Proceedings*

When Nevada Entertainment filed this action, the administrative proceeding before the City Council revoking Nevada Entertainment's license was complete. Nevada Entertainment had ten days within which to appeal the Council's order to the Nevada district court. It did not do so, but instead filed this suit under 42 U.S.C. § 1983 challenging the constitutionality of the city's ordinance and seeking injunctive relief. The issue is whether a state administrative proceeding of a kind subject to *Younger* is pending within the meaning of *Younger* when the administrative process has been concluded but judicial review in state court is available.

Ordinarily, when judgment has been entered for the state in a state trial court

* The Honorable Robert J. Kelleher, Senior Judge, United States District Court for the Central District of California, sitting by designation.

proceeding to which *Younger* applies, "a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court." *New Orleans Pub. Serv., Inc. ("NOPSI") v. City Council of New Orleans,* 491 U.S. 350, 369, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989) (citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975)). As the Court said in *Huffman,* federal intervention "is likely to be even more disruptive and offensive [at this point] because the State has already won a *nisi prius* determination that its valid policies are being violated in a fashion which justifies judicial abatement." 420 U.S. at 608–09, 95 S.Ct. at 1210.

*Huffman,* however, involved failure of the federal plaintiff to appeal a lower court judgment rather than failure to seek judicial review of an order entered in a state administrative proceeding. *Younger* plainly applies to state administrative proceedings, which are judicial in nature, *Middlesex,* 457 U.S. at 432–34, 102 S.Ct. at 2521–22, as was the license revocation proceeding involved in this case, but the Supreme Court has not expressly held that *Huffman* applies if the federal plaintiff has foregone available state court judicial review of the decision in an administrative proceeding.

The holding in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), and dicta in *NOPSI* strongly suggest that a state administrative proceeding and state judicial review of that proceeding are a single unitary process for *Younger* purposes and federal court intervention cannot be obtained without first exhausting the state court appellate remedy. In *Dayton Christian Schools,* Dayton sought to enjoin a state administrative proceeding brought against it to enforce the state's anti-discrimination laws. The issue was whether Dayton could raise its Free Exercise and Establishment Clause claim in the administrative proceeding. The Supreme Court concluded appel-

lant probably could raise its constitutional claim before the Ohio Civil Rights Commission, but held that even if Ohio law precluded the Commission from considering such claims, "it is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Id.* at 629, 106 S.Ct. at 2724. Since under this holding *Younger* applies to a pending administrative proceeding even though constitutional claims cannot be raised until state court review, there is no reasoned basis for holding that litigants in such proceedings may forego state court review of the administrative decision in favor of a federal lawsuit.

In *NOPSI,* the Court assumed, without deciding, that *Dayton Christian Schools* requires the state administrative proceedings and judicial review of such proceedings be treated as a unitary process that is not to be interrupted by federal court intervention, any more "at the conclusion of the administrative stage than during it." *NOPSI,* 491 U.S. at 369, 109 S.Ct. at 2518. The Court noted "[t]he fact that *Dayton Christian Schools* relied, as an alternative argument, upon the fact that the federal challenge could be made upon appeal to the state courts, . . . suggests, perhaps, that an administrative proceeding to which *Younger* applies cannot be challenged in federal court even after the administrative action has become final." *Id.* at n. 4.[1]

■ The considerations relied upon in *Huffman* to support the requirement that state appellate review of a state court judgment be exhausted before federal court intervention is permitted apply equally to state judicial review of the decision in a state administrative proceeding, which is judicial in nature.

*Dayton Christian Schools* rejected the suggestion that requiring a litigant, asserting violation of constitutional rights, to pursue judicial review of a state administrative proceeding as a precondition to federal court intervention under 42 U.S.C. § 1983 is inconsistent with the holding in *Patsy v. Florida Bd. of Regents,* 457 U.S. 496, 102 S.Ct. 2557,

---

1. The Court did not decide the question, concluding instead *Younger* did not apply because the administrative proceeding at issue in *NOPSI* was legislative rather than judicial in nature. *Id.* 491 U.S. at 369–370, 109 S.Ct. at 2518–2519.

73 L.Ed.2d 172 (1982), that § 1983 plaintiffs need not exhaust state administrative remedies. The Court said:

> The application of the *Younger* principle to pending state administrative proceedings is fully consistent with *Patsy* ..., which holds that litigants need not exhaust their administrative remedies prior to bringing a § 1983 suit in federal court. *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607–11 [95 S.Ct. 1200, 1209–12, 43 L.Ed.2d 482] (1975). Unlike *Patsy*, the administrative proceedings here are coercive rather than remedial, began before any substantial advancement in the federal action took place, and involve an important state interest.

*Dayton Christian Schools*, 477 U.S. at 628 n. 2, 106 S.Ct. at 2723 n. 2. *See also Patsy*, 457 U.S. at 518–19, 102 S.Ct. at 2569 (White J., concurring) (the holding in *Patsy* is "fully consistent with [the] decisions that a defendant in a civil or administrative enforcement proceeding may not enjoin and sidetrack that proceeding by resorting to a § 1983 action in federal court") (citing *Huffman*).

The crucial distinction between *Dayton Christian Schools* and *Patsy* is that in *Patsy* the administrative proceeding was a remedial action instituted by plaintiff to redress a wrong inflicted by the state, while *Dayton Christian Schools* involved an administrative proceeding initiated by the state to enforce a violation of state law.[2] As the Seventh Circuit has pointed out, the latter situation invokes primary reasons for *Younger* abstention:

> [*Younger's*] central meaning is that a federal district court may not, save in exceptional circumstances, enjoin, at the behest of a person who has actually or arguably violated a state statute, a state court proceeding to enforce the statute against that person. (internal citation omitted). His remedy is to interpose his federal claims as a defense in that action.

.       .       .       .       .

> The state normally is entitled to prosecute or otherwise proceed against the violators of its laws in its own courts without interruption by a federal district court. But the principle [that a § 1983 plaintiff may initiate remedial action to enjoin unconstitutional state official conduct] stands unimpaired in cases in which the federal plaintiff has not violated state law, has not exposed himself to a state enforcement proceeding, is not a defendant in such a proceeding, but merely seeks to sweep away an illegal obstacle to his activities.

*Alleghany Corp. v. Haase*, 896 F.2d 1046, 1050–51 (7th Cir.1990), *vacated as moot*, 499 U.S. 933, 111 S.Ct. 1383, 113 L.Ed.2d 441 (1991).

■ In cases such as *Dayton Christian Schools*, it is the state administrative proceeding itself that plaintiffs seek to challenge. "Comity and federalism concerns are at their highest in such cases since the legitimacy of both the state proceeding and its underlying statutory predicate are at stake." *Kercado–Melendez v. Aponte–Roque*, 829 F.2d 255, 260 (1st Cir.1987).[3] It is consistent with both *Younger* and *Patsy* for a federal court to abstain from intervening where an administrative proceeding has been initiated by the state to enforce state law even if those proceedings have concluded, where adequate

---

**2.** Courts of Appeals of four circuits have considered the problem with varying results. *See Alleghany Corp. v. Pomeroy*, 898 F.2d 1314 (8th Cir. 1990) (*Younger* abstention requires litigant to seek available state court review of administrative proceedings); *Thomas v. Texas State Bd. of Medical Examiners*, 807 F.2d 453 (5th Cir.1987) (no state court proceeding pending if administrative proceeding is concluded, even if state court review of constitutional claims is available); *Alleghany Corp. v. Haase*, 896 F.2d 1046 (7th Cir. 1990) (*Younger* requires a litigant to seek state court review of an administrative proceeding if the administrative proceeding was brought by the state to enforce a violation of state law), *vacated as moot*, 499 U.S. 933, 111 S.Ct. 1383,

113 L.Ed.2d 441 (1991); *Kercado–Melendez v. Aponte–Roque*, 829 F.2d 255 (1st Cir.1987) (same).

**3.** In *Kercado–Melendez*, the First Circuit, like the Seventh Circuit in *Haase*, held abstention was not required under *Younger* where the state administrative proceeding was a remedial action initiated by the federal plaintiff. However, in *Kercado–Melendez*, the administrative action was initiated by the state in response to an alleged violation of its laws. *See* 829 F.2d at 267–68 (Breyer, J., dissenting). We express no view on this precise situation.

state judicial review was available to the federal plaintiff. The City Council initiated the administrative proceeding in this case to enforce municipal code provisions requiring license applicants to complete applications truthfully. Because the administrative proceeding was coercive and brought by the state to enforce its laws, *Younger* required the federal court to abstain from intervening unless and until that proceeding, including review by the state court, was complete. Since Nevada Entertainment did not pursue its appellate remedy, the proceeding remained pending, for *Younger* purposes, at the time of the federal suit.[4]

### 2. *Opportunity to Raise the Constitutional Claims*

■ Nevada Entertainment attempted to raise its constitutional claims in the revocation hearing, but the City Council refused to listen.[5] Whether the federal claim could have been raised in the administrative proceeding is of no moment, however, if it could have been raised in subsequent state court judicial review. *Dayton Christian Schools,* 477 U.S. at 629, 106 S.Ct. at 2723.

The relevant provisions of the Henderson Municipal Code are set out in the margin.[6] The district court held that under the Code the state court could review only "the specific rulings on questions of law which the petition contends constitutes error," and that, by refusing to rule on Nevada Entertainment's constitutional claims, the City Council could and did preclude state court review of these claims (quoting H.M.C. § 4.06.160(a)). When read in full, however, the sentence in subsection (a) upon which the district court relied does not qualify the general grant of authori-

ty to review all questions of law found in the opening sentences of the provision; it simply directs the petitioner to set forth in his petition the rulings he appeals. Nothing in the Code precludes a petitioner from claiming that a "specific ruling" of the City Council "constitutes error" because it violates the Constitution, even if the City Council refused to address that question. We conclude the Municipal Code provided appellant an adequate opportunity to raise its federal claim on review in state district court.

### 3. *Important State Interest*

■ The state has an important interest in enforcing licensing schemes such as that at issue here. *See World Famous Drinking Emporium,* 820 F.2d at 1082–83. More significantly, the "importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature, as in *Huffman,*" *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521; and we add, as in this case.

## ATTORNEYS FEES

■ The City argues it should have been awarded attorneys fees under 42 U.S.C. § 1988. Prevailing defendants in civil rights actions are awarded attorneys fees only in "exceptional cases." *Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 202 (9th Cir.1988). *See also Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (district court has discretion to award attorneys fees to a prevailing defendant under § 1988 where "the plaintiff's action ... is groundless or without foundation"). The district court did not abuse its discretion in

---

**4.** Nevada Entertainment cites only *City of Cincinnati v. Discovery Network, Inc.,* —— U.S. ——, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993), in support of its contention that a federal plaintiff need not exhaust available state judicial review of a state administrative order before seeking injunctive intervention under § 1983. There is nothing in *City of Cincinnati* to indicate abstention was sought or whether the requirements for abstention were present.

**5.** The Mayor stated: "I'm not trying the Constitution here and don't want to go into all that. We have a set case here that we are trying to decide."

**6.** § 4.06.160 of the Henderson Municipal Code reads:

Any person aggrieved by a final decision or order of the City Council made after hearing or rehearing as heretofore provided, and whether or not a petition for rehearing was filed, may obtain a judicial review of questions of law thereof in the Eighth Judicial District Court.

(a) .... The petition for review shall set forth the order or decision appealed from, and shall set forth the specific rulings on questions of law which the petition contends constitutes error.

concluding this was not such a case. Nor do the circumstances justify an award of fees on appeal.

## CONCLUSION

The decision of the district court refusing to abstain from exercising jurisdiction is REVERSED and the case is REMANDED to the district court with instructions to vacate its judgment and dismiss the complaint.